STATE of Wisconsin, Plaintiff-Respondent,

v.

Daniel J. HANSEN, Defendant-Appellant.

Court of Appeals

*No. 91-2298-CR. Submitted on briefs March 24, 1992.—Decided April 29, 1992.*

(Also reported in 485 N.W.2d 74.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Keith A. Findley,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general and *Maureen McGlynn Flanagan,* assistant attorney general.

Before Nettesheim, P.J., Brown and Anderson, JJ.

NETTESHEIM, P.J.   Daniel J. Hansen appeals from a judgment convicting him of attempted escape and an order denying his postconviction motion seeking to withdraw his no contest plea. The issue on appeal is whether Hansen established a *prima facie* showing that his plea hearing was inadequate. We conclude that Hansen met this burden. We reverse the postconviction order and remand for further proceedings.

The plea hearing was conducted before Reserve Judge Gilbert Geraghty.[1] On July 12, 1990, pursuant to a plea bargain, Hansen entered a no contest plea to a charge of attempted escape from the Racine county jail. At that time, Hansen, who was represented by Attorney Eric Guttenberg, provided the trial court with a signed "Guilty/No Contest Plea Questionnaire and Waiver of Rights" form. *See State v. Moederndorfer,* 141 Wis. 2d

---

[1]Although Judge Geraghty conducted the plea hearing, the Hon. Wayne J. Marik sentenced Hansen. Thus, the appeal is taken from a judgment of conviction entered by Judge Marik.

751

823, 416 N.W.2d 627 (Ct. App. 1987). Attorney Guttenberg had also signed the form.

Judge Geraghty conducted the following colloquy with Hansen concerning the plea:

> THE COURT: Mr. Hansen, did you go over this questionnaire and waiver of rights form with your attorney?
>
> [HANSEN]: Yes, I did.
>
> THE COURT: Did you sign it?
>
> [HANSEN]: Yes.
>
> THE COURT: Did you understand it when you signed it?
>
> [HANSEN]: Yes, I did.
>
> THE COURT: All right. What plea do you wish to enter to the charges set forth in the information before the Court?
>
> [HANSEN]: No contest.
>
> THE COURT: You understand that on a plea of no contest, the Court, in all likelihood, is going to find you guilty?
>
> [HANSEN]: Yes.
>
> THE COURT: Is it stipulated the Court can use the facts set forth in the criminal complaint as a basis for a finding?
>
> [HANSEN]: Yes.

Judge Geraghty then found Hansen guilty of the charge and ordered a presentence report.

Postconviction, Hansen sought to withdraw his no contest plea. These proceedings were conducted before the Hon. Gerald P. Ptacek. At the postconviction hearing, based upon the transcript of the plea hearing before

752

Judge Geraghty, Hansen asked the trial court to rule that he had met his *prima facie* burden to show that his plea was not taken in accord with *State v. Bangert,* 131 Wis. 2d 246, 389 N.W.2d 12 (1986), and sec. 971.08, Stats. The court ruled that Hansen had not made such a showing. The hearing continued and, at its conclusion, Judge Ptacek denied Hansen's motion. Hansen appeals.

The state first argues that Hansen is collaterally estopped from raising his claim that he did not understand the constitutional rights he was waiving. The state bases this argument upon our decision in a previous case involving Hansen.[2] In that case, we rejected a similar claim related to a different charge to which Hansen had pled no contest one week earlier, July 5, 1990.

We reject the state's collateral estoppel argument. Collateral estoppel applies "where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and *where the controlling facts and applicable legal rules remain unchanged."* *State ex rel. Flowers v. DHSS,* 81 Wis. 2d 376, 387, 260 N.W.2d 727, 734 (1978) (emphasis in original; citation omitted). Here, we deal with a different plea hearing than that which we reviewed in the previous appeal. Even assuming that the substance of the plea colloquies in the two cases are similar, the nuances and dynamics of the personal exchanges between the judge and the defendant on the different dates might have varied. In addition, despite any superficial similarity, the physical and mental conditions of the defendant in the separate

---

[2]*See State v. Hansen,* No. 91–0723–CR, unpublished slip op. (Wis. Ct. App. Oct. 30, 1991). The state does not extend its collateral estoppel argument to Hansen's claim that he did not understand the elements of the attempted escape charge since the charge in the earlier proceeding was different.

proceedings might also have differed. Finally, the state points to no case where the doctrine of collateral estoppel has been invoked against a criminal defendant to preclude postconviction relief.[3]

■

We thus move to the merits of Hansen's contention that the plea hearing was inadequate. Section 971.08(1), Stats., requires the trial court at a plea hearing to undertake a personal colloquy with the defendant to assure, *inter alia*, that the plea is voluntarily and knowingly made.[4] *See also Bangert*, 131 Wis. 2d at 270–72, 389 N.W.2d at 24–25. This function can be performed by a detailed colloquy between the defendant and the judge, or by referring to some portion of the record or communication between the defendant and his lawyer which exhibits the defendant's knowledge of the rights he or she relinquishes. *See id.* at 274–75, 389 N.W.2d at 26.

■

Where a defendant makes a *prima facie* showing that his plea was accepted without compliance with the procedures set out in *Bangert* and sec. 971.08, Stats., and

[3]Our supreme court has said that "the doctrine of collateral estoppel, when applied in criminal cases, 'bars only the reintroduction or relitigation of facts already established *against the government.*' " *State v. Kramsvogel*, 124 Wis. 2d 101, 122, 369 N.W.2d 145, 155 (1985), *cert. denied*, 474 U.S. 901 (emphasis added; citation omitted).

[4]Section 971.08(1), Stats., provides in relevant part:

**Pleas of guilty and no contest; withdrawal thereof. (1)** Before the court accepts a plea of guilty or no contest, it shall do all of the following:

(a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted.

(b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged.

where such defendant further alleges that he did not know or understand the information which should have been provided at the plea hearing, the burden shifts to the state to show by clear and convincing evidence that the plea was knowingly and voluntarily entered.[5] *Moederndorfer,* 141 Wis. 2d at 830, 416 N.W.2d at 630-31. Whether a defendant has established a *prima facie* case presents a question of law which we review without deference to the trial court's determination. *Id.* at 831, 416 N.W.2d at 631.

Here, Judge Geraghty's personal colloquy with Hansen did not include any discussion as to the constitutional rights which Hansen was waiving. Instead, the colloquy was limited to whether Hansen had gone over the *Moederndorfer* form with his attorney before he signed it and whether Hansen understood the form. We conclude that such limited personal colloquy is not the *substantive* kind of personal exchange between the trial court and the defendant which *Bangert,* sec. 971.08, Stats., and *Moederndorfer* require.

While our approval of the *Moederndorfer* form certainly lessened the extent and degree of the colloquy otherwise required between the trial court and the defen-

---

[5]The state also argues that Hansen's postconviction motion did not sufficiently allege this further information. Thus, the state contends that the burden should not have shifted. Although Hansen's motion is not explicit on this point, we note that it recited, *inter alia,* "[a]t the plea hearing, the court made only a cursory inquiry into Mr. Hansen's understanding of the constitutional rights he was waiving or the elements of the offense." Hansen further alleged that his plea was not knowingly, voluntarily and intelligently entered. We conclude that the language of Hansen's motion was broad enough to encompass a further claim that Hansen did not otherwise know or understand the information which should have been produced at the plea hearing.

dant, it was not intended to eliminate the need for the court to make a record demonstrating the defendant's understanding that the plea results in the waiver of the applicable constitutional rights. The record made in *Moederndorfer* is demonstrative. Although the personal colloquy there was also brief, it nonetheless established the defendant's understanding that, by entering the plea, he was giving up the rights detailed in the form. *Moederndorfer*, 141 Wis. 2d at 828-29 n.1, 416 N.W.2d at 630. This is a subtle, but important, requirement.

■ The plea hearing colloquy in this case establishes only that Hansen had read and understood the form; it does not establish that Hansen understood that by entering his no contest plea he was waiving his applicable constitutional rights. Thus, Hansen made a *prima facie* showing that the proper procedures were not followed at the plea hearing. The postconviction court erred in concluding otherwise. The burden therefore shifted to the state to show by clear and convincing evidence that Hansen's plea was nevertheless valid. *Bangert*, 131 Wis. 2d at 275, 389 N.W.2d at 26-27.

Although the parties' briefs go on to debate whether the state had nonetheless met the shifted burden of proof, we conclude that it is not our function to make this initial assessment. Although the trial court eventually assessed the full evidentiary record, this was not done under the correct burden of proof assigned to the proper party. We reverse the postconviction order and remand for further proceedings for the postconviction court to perform this function.[6]

---

[6]The proceedings on remand will also afford the trial court the opportunity to address Hansen's claim that he did not understand the elements of the offense when he entered his plea. The

*By the Court.*—Judgment and order reversed and cause remanded.

trial court's bench decision did not address this aspect of Hansen's motion.