STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael BRANDT, Defendant-Appellant-Petitioner.

Supreme Court

*No. 97–1489–CR. Oral argument February 25, 1999.—Decided June 8, 1999.*

(Also reported in 594 N.W.2d 759.)

For the defendant-appellant-petitioner there were briefs by *Michael J. Fitzgerald, Dean A. Strang* and *Fitzgerald & Strang, S.C.*, Milwaukee and oral argument by *Dean A. Strang*.

For the plaintiff-respondent the cause was argued by *Stephen W. Kleinmaier*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. ANN WALSH BRADLEY, J. The petitioner, Michael Brandt, seeks review of a published decision of the court of appeals affirming the circuit court's refusal to allow him to withdraw his guilty

pleas.[1] Brandt contends that he did not understand the nature of the charges because the plea questionnaire prepared by his attorney incorrectly listed the elements of those crimes. In essence, Brandt argues that the circuit court violated the Wis. Stat. § 971.08 plea procedure by its failure to demonstrate at the plea hearing that Brandt understood the nature of the crimes. Because we conclude that Brandt has failed to make a prima facie showing that the circuit court violated the Wis. Stat. § 971.08 plea procedure, we affirm the court of appeals.

¶ 2. In March of 1994, Brandt was charged with two counts of forgery, two counts of uttering, and one count of theft by fraud arising out of a loan he obtained and checks he signed under a false identity. *See* Wis. Stat. § 943.38(1)(a) (1995–96);[2] § 943.38(2); § 943.20(1)(d). In July of 1996, after being bound over for trial, Brandt entered into a plea agreement where he consented to plead guilty to one count each of forgery and uttering and to the one count of theft by fraud. The State agreed to dismiss the other two counts but retained the right to read in those counts for purposes of sentencing. Nothing in the plea agreement limited the type or length of sentence the State could recommend.

¶ 3. Brandt's attorney completed a plea questionnaire on the morning of the plea hearing. His attorney read the questionnaire to Brandt who then signed it. As an addendum to the standard questionnaire, Brandt's attorney penned the elements of the crimes.

---

[1] *State v. Brandt*, 220 Wis. 2d 121, 582 N.W.2d 433 (Ct. App. 1998) (affirming order and judgment of Circuit Court for Kenosha County, S. Michael Wilk, Judge).

[2] All further references to the Wisconsin Statutes are to the 1995–96 version unless otherwise noted.

The record is unclear whether Brandt's attorney discussed this addendum with Brandt as well. However, on this addendum Brandt's attorney listed the elements of similar but different crimes than those to which Brandt agreed to plead guilty.[3] The morning pre-hearing conference between Brandt and his attorney lasted for about thirty minutes.

¶ 4. That afternoon Brandt appeared before the circuit court to plead guilty to the three charges. Because his attorney had a jury trial at the same time, another member of the attorney's firm represented Brandt at the plea hearing. According to the affidavit Brandt made for post-conviction purposes, shortly before the plea hearing began the substitute attorney gave him the addendum with the incorrect elements of the crimes listed on it. Brandt signed that document as an indication that he understood the nature of the crimes.

¶ 5. During the plea hearing, Brandt's substitute attorney informed the circuit court that a plea questionnaire had been completed. The circuit court noted

---

[3] Under Count One of the complaint, Brandt agreed to plead guilty to forging a loan application. *See* Wis. Stat. § 943.38(1)(a). However, the attorney's handwritten paper applied the law to forging a check rather than a loan application.

Similarly, under Count Two of the complaint, Brandt agreed to plead guilty to Wis. Stat. § 943.20(1)(d) ("Theft by fraud"). The handwritten paper however listed the elements of § 943.20(1)(c) ("Theft by one having an undisputed interest in property from one having superior right of possession"). *Compare* Wis JI-Criminal § 1453 *with* Wis JI-Criminal § 1450. Finally, while Brandt agreed under Count Five of the complaint to plead guilty to uttering a forged check, the handwritten paper instead listed the elements of possessing a forged check with the intent to utter. *See* § 943.38(2); *compare* Wis JI-Criminal § 1492 *with* Wis JI-Criminal § 1493.

each one of the three crimes, indicated the maximum penalty allowed by law, and asked for Brandt's plea. The circuit court then confirmed that the State would be dismissing the other two counts of the complaint but that it would still read in those counts for purposes of sentencing. Brandt indicated that he understood this to be the agreement.

¶ 6. Next the circuit court inquired briefly about the plea questionnaire, asking Brandt whether he had signed the form and understood it.[4] Brandt responded that he both signed and understood the questionnaire. The circuit court questioned Brandt on various items relating to his mental state and his ability to freely and voluntarily plead guilty to his crimes.

¶ 7. After these questions, the circuit court turned to a detailed examination of Brandt's understanding of the three crimes. In contrast to the plea questionnaire, the circuit court's colloquy accurately described the elements of the crimes. Beginning with the forgery count, the circuit court inquired as follows:

> THE COURT: You understand that by pleading guilty to Count One, forgery, you are admitting you committed each of the elements of that crime, which are as follows.
>
> First, that the document in the case was a writing by which legal rights or obligations are created or transferred.

---

[4] In total the circuit court's questions relating to the plea questionnaire were as follows:

THE COURT: You signed a plea questionnaire and waiver of rights form; is that correct?

BRANDT: Yes, Your Honor.

THE COURT: Did you read it and understand it before you signed it? BRANDT: Yes, Your Honor.

Second, that the writing was an application for a loan. Also, that you falsely wrote the name of Bruce Baca on the application for the loan.

And, finally, that you falsely made the writing with the intent to defraud. Do you understand that you, by pleading guilty, you are admitting you committed all the elements of that crime?

BRANDT: Yes, Your Honor.

The circuit court then made similar inquiries into the other two counts, describing the elements of each crime and applying them to the facts of Brandt's case. In all cases Brandt stated that he understood the crimes to which he was pleading guilty. Nowhere in its explanation of and inquiry into the elements of the crimes did the circuit court refer to the plea questionnaire or addendum. Rather the circuit court conducted this part of the plea colloquy independently of the plea questionnaire.

¶ 8. After addressing Brandt's understanding of each of the crimes, the circuit court next examined his understanding of the rights he waived by pleading guilty. Finally, the circuit court discussed with Brandt his conversations with his lawyer and asked if he had any "questions now about the [plea questionnaire he] signed or about [his] plea of guilty to each of [the] charges." Brandt stated that he did not.

¶ 9. The circuit court then turned to Brandt's attorney and verified that the attorney had discussed the charges with Brandt, sought the attorney's assurance that Brandt understood the consequences of pleading guilty, and sought a stipulation that the complaint provided a sufficient factual basis for the crimes. Brandt's attorney assured the circuit court that Brandt's plea was knowing and voluntary and that the

complaint did provide a sufficient factual basis for accepting his plea.

¶ 10.   Before accepting his guilty plea, the circuit court again asked if Brandt had any questions about his plea or its consequences or disagreed in any way with the statements his attorney had just made. Hearing no question or disagreement from Brandt, the circuit court then concluded that he was freely and voluntarily pleading guilty to the three crimes and accepted his guilty pleas.

¶ 11.   Some months later the court sentenced Brandt. That sentence included ten years of prison, a consecutive ten years of probation with an imposed and stayed seven years of imprisonment, and a $7500 fine. Shortly after the court imposed sentence, Brandt indicated that he intended to seek post-conviction relief and later moved the circuit court to withdraw his guilty pleas.

¶ 12.   Brandt's motion claimed that his pleas were not knowingly and voluntarily given because of the discrepancy between the elements of the crimes listed on the plea questionnaire addendum and those given at the plea hearing. He contended that this discrepancy caused him to not understand the actual crimes to which he was pleading guilty. In support of his motion, Brandt attached affidavits from himself, his attorney, and his attorney's partner who had represented him at the plea hearing.

¶ 13.   Brandt's attorney averred that although he prepared the plea questionnaire and discussed it with Brandt, he did not realize that in the addendum he had incorrectly listed the elements of the crimes. His partner averred that he did not read or review the plea questionnaire prior to the plea hearing, although he had assured the circuit court at that hearing that he

had done so. Finally, Brandt averred that he and his attorney went through the plea questionnaire "very quickly" on the morning of the plea hearing and that he "did not pay close attention" to the circuit court's colloquy. In sum, Brandt contended that he did not appreciate the difference between what had appeared on the plea questionnaire addendum and what the circuit court told him in the afternoon.

¶ 14. The circuit court concluded that Brandt had knowingly and voluntarily entered his guilty pleas based on its lengthy and constitutionally adequate colloquy with him. The circuit court reasoned that it was not required to make an investigation of the handwritten addendum to ascertain whether that addendum outlined different crimes than those discussed with a defendant in open court. Brandt appealed and the court of appeals affirmed.

¶ 15. The court of appeals concluded that Brandt's pleas were knowingly and voluntarily given because the circuit court's colloquy, not having relied on the incorrect plea questionnaire addendum, indicated that Brandt understood the substance of his pleas and appreciated their consequences. *State v. Brandt*, 220 Wis. 2d 121, 134–36, 582 N.W.2d 433 (Ct. App. 1998). However, the court of appeals cautioned that a different outcome would have resulted had the circuit court relied upon the plea questionnaire to outline the crimes to which Brandt agreed to plead guilty. *Id.* at 136.

■■■■

¶ 16. To successfully withdraw his plea, Brandt initially must make a prima facie showing that the circuit court violated Wis. Stat. § 971.08 when it failed to demonstrate on the record that Brandt understood

the elements of the crimes to which he pled.[5] *State v. Van Camp*, 213 Wis. 2d 131, 140–41, 569 N.W.2d 577 (1997); *State v. Dugan*, 193 Wis. 2d 610, 617, 534 N.W.2d 897 (Ct. App. 1995). Determining whether he made such a showing requires this court to apply a given set of facts to the appropriate legal standard. This application is a question of law that we review independently of the legal determinations of the circuit court and court of appeals. *See Van Camp*, 213 Wis. 2d at 139; *State v. Moederndorfer*, 141 Wis. 2d 823, 831, 416 N.W.2d 627 (Ct. App. 1987).

██

¶ 17.   For a plea to satisfy the constitutional standard, a defendant must enter it knowingly, voluntarily, and intelligently. *State v. Bangert*, 131 Wis. 2d 246, 257, 389 N.W.2d 12 (1986); *see also Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969). This means, in effect, that by pleading guilty defendants must understand both the constitutional rights they are relinquishing as well as the nature of the crimes to which they are pleading.

---

[5] In addition to making a prima facie showing that the circuit court violated Wis. Stat. § 971.08, Brandt must also allege that he did not know or understand the information that the circuit court should have provided at the plea hearing. *State v. Van Camp*, 213 Wis. 2d 131, 140–41, 569 N.W.2d 577 (1997); *State v. Bangert*, 131 Wis. 2d 246, 275, 389 N.W.2d 12 (1986); *State v. James*, 176 Wis. 2d 230, 237, 500 N.W.2d 345, 348 (Ct. App. 1993). Even after demonstrating both items, Brandt would not automatically be entitled to relief.

The State is then given the opportunity to show by clear and convincing evidence that the defendant nevertheless knowingly entered the plea. *State v. Garcia*, 192 Wis. 2d 845, 864, 532 N.W.2d 111 (1995); *Bangert*, 131 Wis. 2d at 275. Because we conclude that Brandt did not overcome his initial burden of demonstrating a prima facie violation of Wis. Stat. § 971.08, we do not consider the other elements of this test.

*Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Van Camp*, 213 Wis. 2d at 140.

¶ 18. In enacting Wis. Stat. § 971.08 the legislature created a statute that procedurally implements this constitutional mandate. The statute provides in relevant part:

> (1) Before the court accepts a plea of guilty or no contest, it shall do all of the following:
>
> (a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted.

Wis. Stat. § 971.08. A defendant's understanding of the nature of the charge must "include an awareness of the essential elements of the crime." *Bangert*, 131 Wis. 2d at 267.

¶ 19. In *Bangert*, we suggested various methods that a circuit court might use to satisfy this statutory obligation:

> First, the trial court may summarize the elements of the crime charged by reading from the appropriate jury instructions or from the applicable statute. Second, the trial judge may ask defendant's counsel whether he explained the nature of the charge to the defendant and request him to summarize the extent of the explanation, including a reiteration of the elements, at the plea hearing. Third, the trial judge may expressly refer to the record or other evidence of defendant's knowledge of the nature of the charge established prior to the plea hearing. . . .A trial judge may also specifically refer to and summarize any signed statement of the defendant which might demonstrate that the defendant has notice of the nature of the charge.

*Id.* at 268. This list is not exhaustive and does not require an extensive verbal colloquy with every defendant. *See Moederndorfer*, 141 Wis. 2d at 826–27; *but see State v. Hansen*, 168 Wis. 2d 749, 756, 485 N.W.2d 74 (Ct. App. 1992). A circuit court is given discretion to tailor the colloquy to its style and to the facts of the particular case provided that it demonstrates on the record that the defendant knowingly, voluntarily, and intelligently entered the plea. *Bangert*, 131 Wis. 2d at 267–68; *Hansen*, 168 Wis. 2d at 756.

¶ 20. Brandt's argument hinges entirely on two facts: (1) the plea questionnaire[6] and the plea colloquy described different crimes; and (2) the circuit court did not notice this inconsistency and clarify the matter with Brandt. Importantly, his objection does not lie in the plea colloquy itself. He readily admits that, taken in isolation, the plea colloquy adequately demonstrated that he knowingly and voluntarily entered guilty pleas. However, Brandt argues that because of the errant plea questionnaire's existence, the plea colloquy can only be viewed in conjunction with the plea questionnaire.

¶ 21. It is uncontroverted that the elements set forth in the plea questionnaire failed to advise Brandt of the nature of the crimes to which he was pleading guilty. However, dereliction in that regard need not automatically result in a defective plea. If the circuit court satisfactorily shows that the defendant understands "the nature of the crime at the time of the taking of the plea" no error will result. *Bangert*, 131 Wis. 2d at 269; *State v. Nichelson*, 220 Wis. 2d 214, 218, 582 N.W.2d 460 (Ct. App. 1998).

---

[6] Hereafter, we will use the term "plea questionnaire" to refer to both the actual plea questionnaire and the attached addendum.

¶ 22. Brandt does not dispute that a circuit court is under no obligation to require the completion of a plea questionnaire. Nevertheless, he suggests that once a circuit court requires the completion of a plea questionnaire, it is then also obligated to insure that the questionnaire is accurate. We disagree.

¶ 23. A circuit court has significant discretion in how it conducts a plea hearing. Within its discretion, a circuit court may incorporate into the plea colloquy the information contained in the plea questionnaire, relying substantially on that questionnaire to establish the defendant's understanding of the crime. *Bangert*, 131 Wis. 2d at 269. That a circuit court may do so does not mean that it must do so. We are satisfied that a circuit court may also do what the circuit court did in this case: order the completion of a plea questionnaire but then conduct its colloquy disregarding in whole or in part that questionnaire. There is nothing constitutionally or statutorily onerous about such an action.

¶ 24. Where, as here, a circuit court ignores the plea questionnaire in its colloquy concerning the elements of the crimes, the adequacy of that colloquy rises or falls on the circuit court's discussion at the plea hearing. In such cases, the adequacy or deficiency of the plea questionnaire is not at issue because it does not constitute the basis on which the plea is accepted.

¶ 25. The circuit court's actions in this case are to be distinguished from those cases where the circuit court relies on the information in the plea questionnaire to demonstrate that the defendant understood the elements of the crimes. *See Hansen*, 168 Wis. 2d at 756; *Moederndorfer*, 141 Wis. 2d at 827. In such cases, because the plea questionnaire is the underlying basis on which the plea is accepted, the sufficiency of the questionnaire drives the sufficiency of the plea. If the

621

relied upon part of the questionnaire is deficient, so too is the plea taken in reliance of that part of the questionnaire. However in this case, when the circuit court discussed the elements of the crimes with Brandt, it did so without reliance on the plea questionnaire.

¶ 26. This court is therefore left to consider only the adequacy of the plea colloquy itself. As even Brandt himself concedes, the record compels a conclusion that the circuit court's plea colloquy easily satisfied the constitutional and statutory requirements. That is, the circuit court established at the plea hearing that Brandt understood the nature of the crimes to which he pled guilty.

██

¶ 27. In sum, Brandt has failed to make a prima facie showing that the circuit court violated the Wis. Stat. § 971.08 requirement that a defendant's plea be made voluntarily with an understanding of the nature of the crimes. Because the circuit court did not rely on the incorrect information in the questionnaire, it did not have an obligation to verify the accuracy of that information. Instead, the circuit court conducted a personal colloquy with Brandt describing the correct elements of the crimes and insuring that he understood the nature of the crimes. Accordingly, we conclude that the circuit court properly denied Brandt's motion to withdraw his pleas and affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.