STATE of Wisconsin,
Plaintiff-Respondent,

v.

Richard C. PLANK,
Defendant-Appellant.†

Court of Appeals

*No. 2004AP2280–CR. Submitted on briefs February 21, 2005.*
*—Decided April 19, 2005.*

2005 WI App 109

(Also reported in 699 N.W.2d 235.)

† Petition to review denied 7-8-05.

524

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jamy R. Johansen* of *Johansen Law Office*, Superior.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Alan Lee*, assistant attorney general, Madison.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Richard Plank appeals a judgment of conviction for substantial battery and an order denying his motion for postconviction relief. Plank argues he is entitled to withdraw his no contest plea because: (1) the court failed to personally inform him that it was not bound by the plea agreement and (2) the court failed to explain that, under truth-in-sentencing, he would not be eligible for early release or given good-time credit. We disagree and affirm the judgment and order.

## BACKGROUND

¶ 2. On June 2, 2003, Plank struck his girlfriend in the face, fracturing her nose and causing her lip to swell. He was charged with several offenses, including substantial battery contrary to Wis. Stat. § 940.19(2).[1]

¶ 3. Plank entered into a plea agreement whereby he agreed to plead no contest to substantial battery, which carried a maximum sentence of three and one-half years' imprisonment and a $10,000 fine. The remaining charges would be dismissed and read in at sentencing. The State agreed that it would not recommend prison and would ask for thirty-six months' probation.

¶ 4. On September 8, 2003, the court accepted Plank's no contest plea. At the plea hearing, the court did not personally inform Plank that it was not bound by the plea agreement or that, under truth-in-sentencing, he was ineligible for parole or good-time credit. The court declined to follow the plea agreement's

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

sentence recommendation and instead sentenced Plank to three and one-half years' imprisonment, including one and one-half years of initial confinement and two years' extended supervision.

¶ 5. On May 25, 2004, Plank moved to withdraw his no contest plea, claiming it was not knowingly and voluntarily entered. After a hearing, the court denied the motion.

## DISCUSSION

¶ 6. A defendant may withdraw a no contest plea after sentencing by establishing by clear and convincing evidence that the plea was not knowingly, voluntarily and intelligently entered. *State v. Bangert,* 131 Wis. 2d 246, 283, 389 N.W.2d 12 (1986). *Bangert* sets forth the procedure to determine whether a defendant's plea was knowingly, intelligently and voluntarily entered. First, a defendant must make a prima facie showing that his or her no contest plea was accepted without complying with Wis. Stat. § 971.08[2] or another court-mandated duty. *Bangert,* 131 Wis. 2d at 274. A prima facie showing

---

[2] Wisconsin Stat. § 971.08 provides, in relevant part:

(1) Before the court accepts a plea of guilty or no contest, it shall do all of the following:

(a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted.

(b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged.

(c) Address the defendant personally and advise the defendant as follows: "If you are not a citizen of the United States of America, you are advised that a plea of guilty or no contest for the offense

528

must also include a defendant's assertion that he or she did not know or understand the information the court failed to provide. *Id.* We accept the circuit court's findings of evidentiary or historical fact unless they are clearly erroneous. *State v. Trochinski*, 2002 WI 56, ¶ 16, 253 Wis. 2d 38, 644 N.W.2d 891. However, whether a defendant has established a prima facie case presents a question of law that we review independently. *State v. Hansen*, 168 Wis. 2d 749, 755, 485 N.W.2d 74 (Ct. App. 1992).

¶ 7. If a defendant makes this initial showing, the burden shifts to the State to show by clear and convincing evidence that the plea was knowingly and voluntarily entered, despite the inadequacy of the colloquy at the time of the plea's acceptance. *Bangert*, 131 Wis. 2d at 274–75. The State may use the entire record to demonstrate that the defendant's plea was knowing and voluntary and may examine the defendant or his or her counsel to shed light on the defendant's understanding and knowledge. *Id.* We defer to the circuit court's determination on this prong, reversing if the circuit court erroneously exercised its discretion. *State v. Mohr*, 201 Wis. 2d 693, 701, 549 N.W.2d 497 (Ct. App. 1996).

¶ 8. Plank first contends that his plea was not knowing and voluntary because he mistakenly believed the court would impose the sentence included in the plea agreement. The State concedes that Plank has

with which you are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under *federal law.*"

(d) Inquire of the district attorney whether he or she has complied with s. 971.095 (2).

made a prima facie case on this issue because: (1) the court did not personally inform Plank that it was not bound by the plea agreement, as required by *State v. Hampton*, 2004 WI 107, ¶ 20, 274 Wis. 2d 379, 683 N.W.2d 14, and (2) Plank alleged in his postconviction motion that he did not understand that the court was not bound by the plea agreement's sentencing recommendation. Nevertheless, the State argues the circuit court correctly determined the State met its burden at the evidentiary hearing to show that Plank, in fact, knew the court was not bound by the sentencing recommendation of the plea agreement.

¶ 9. Plank signed a plea questionnaire and waiver of rights form that includes the following:

> I understand that the judge is not bound by any plea agreement or recommendations and may impose the maximum penalty. The maximum penalty I face upon conviction is: $10,000 fine, 3.5 years imprisonment[.]

At the plea hearing, the following exchange occurred:

> THE COURT: This is a Class I felony offense for which the Court could impose a fine not to exceed $10,000 or imprisonment not to exceed three years and six months, or both. Do you understand the maximum penalty you're at risk for?
>
> THE DEFENDANT: Yes, I do.

¶ 10. At the evidentiary hearing on Plank's motion to withdraw his plea, Plank's trial counsel testified that he advised Plank of his rights concerning the plea, including that the court was not bound by the sentence recommendation of the plea. Counsel testified he gave the advice orally and covered the subject again when reviewing the written plea questionnaire with Plank. Counsel testified that he believed Plank understood the

rights he was waiving. Plank testified at the evidentiary hearing that he had read the plea questionnaire and his trial counsel reviewed it with him.

¶ 11. The only contrary evidence was Plank's own testimony at the evidentiary hearing. Plank was asked, "When you reviewed it [the plea questionnaire] with your attorney, did you understand that the $10,000.00 fine and three-and-a-half years imprisonment would be a potential penalty you were facing at sentencing?" Plank answered, "No, I thought I would not be facing that because I had the Plea Agreement." However, the circuit court found that testimony "just not believable." It is for the circuit court, not this court, to determine witness credibility. *State v. Arredondo*, 2004 WI App 7, ¶ 17, 269 Wis. 2d 369, 674 N.W.2d 647. Therefore, the record supports the circuit court's finding that Plank did, in fact, know the court was not bound by the plea agreement.

¶ 12. Plank also argues that his plea was not knowingly and voluntarily entered because the court failed to inform him that, under truth-in-sentencing, he was ineligible for parole or good-time credit. To withdraw his plea on these grounds, Plank must establish a prima facie case that the circuit court's plea colloquy was deficient. *See Bangert*, 131 Wis. 2d at 274. Plank contends the court's colloquy violated WIS. STAT. § 971.08(1)(a), which requires the court to determine that the defendant understands "the potential punishment if convicted." Accordingly, we must determine whether Plank has met his burden to show that the lack of good-time or parole under truth-in-sentencing is a "potential punishment" of which the court was required to inform him.

¶ 13. A defendant does not understand "the potential punishment" if the defendant is not informed of the direct consequences of a plea. *State v. Byrge*, 2000 WI 101, ¶ 60, 237 Wis. 2d 197, 614 N.W.2d 477. However, the circuit court need not inform a defendant of collateral consequences of a plea. *Id.*, ¶ 61. Direct consequences have "a definite, immediate, and largely automatic effect on the range of a defendant's punishment." *State v. Bollig*, 2000 WI 6, ¶ 16, 232 Wis. 2d 561, 605 N.W.2d 199. "The distinction between direct and collateral consequences essentially recognizes that it would be unreasonable and impractical to require a circuit court to be cognizant of every conceivable consequence before the court accepts a plea." *Byrge*, 237 Wis. 2d 197, ¶ 61.

¶ 14. Plank contends his lack of parole and good-time eligibility is a direct consequence of his plea, relying exclusively on *Byrge*. In *Byrge*, the circuit court sentenced the defendant to life imprisonment and was therefore required under Wis. Stat. § 973.014 (1991–92) to make a parole eligibility determination. *Id.*, ¶ 56. The court chose a date that exceeded Byrge's lifespan, assuring that Byrge would never be paroled. *Id.*, ¶¶ 56, 67. Byrge sought to withdraw his plea because the court failed to inform him that the maximum sentence he faced was not merely life in prison with the possibility of parole but effectively life without the possibility of parole. *Id.*, ¶ 54. The *Byrge* court concluded the circuit court's authority to establish the parole eligibility date was a direct consequence of the plea, because "[p]arole eligibility in this discrete situation implicates punishment . . . ." *Id.*, ¶ 68.

¶ 15. Plank contends that because *Byrge* holds that parole eligibility is a direct consequence, the lack of

parole eligibility under truth-in-sentencing is also a direct consequence. We disagree. First, the *Byrge* holding was expressly limited to "the narrow circumstance in which a circuit court has statutory authority under Wis. Stat. § 973.014(2) to fix the parole eligibility date . . . ." *Id.* Because Plank did not face life imprisonment, Wɪs. Sᴛᴀᴛ. § 973.014(2) did not apply.

¶ 16. Second, in *Byrge*, the court's ability to set a parole eligibility date affected the range of punishment. The court informed Byrge he faced life imprisonment. The court did not inform Byrge it had the authority to set a parole eligibility date that exceeded his lifetime. That authority changed the applicable range of Byrge's punishment from life with parole to life without parole. Therefore, in that "discrete situation" parole eligibility was a direct consequence because it increased the maximum penalty. *Id.*, ¶¶ 67–68. The lack of parole under truth-in-sentencing does not mean Plank will serve more time than the maximum penalty of which the court informed him. Thus, truth-in-sentencing does not affect his range of punishment.

¶ 17. Finally, Plank is not "ineligible" for parole or good-time—there simply is no parole or good-time under truth-in-sentencing. Wisconsin eliminated parole and good-time credit when it adopted its new sentencing scheme.[3] At most, Plank's complaint is that he misunderstood the law concerning a collateral consequence of his plea. *See State v. Rodriguez*, 221 Wis. 2d 487, 490, 585 N.W.2d 701 (Ct. App. 1998). However, a

---

[3] As a general rule, parole and good-time credit were collateral consequences under the former sentencing scheme. *See, e.g., Birts v. State*, 68 Wis. 2d 389, 398–99, 228 N.W.2d 351 (1975) (concluding it is "unreasonable to require the court to inform every defendant pleading guilty of his parole rights.").

misunderstanding of a collateral consequence is not a basis for plea withdrawal when, as here, Plank's misunderstanding was "the product of his own mind and entirely unexpressed in the plea bargaining process." *Birts v. State*, 68 Wis. 2d 389, 397, 228 N.W.2d 351 (1975).

*By the Court.*—Judgment and order affirmed.