STATE of Wisconsin, Plaintiff-Respondent,

v.

Ricardo LOPEZ, Defendant-Appellant.†

Court of Appeals

*No. 2009AP2727–CR. Submitted on briefs August 11, 2010.
—Decided October 27, 2010.*

2010 WI App 153

(Also reported in 792 N.W.2d 199.)

† Petition for review denied 1-11-11.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Catherine M. Canright* of *Canright Law Offices* of Superior.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Erik M. Kinnunen*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. BROWN, C.J. Ricardo Lopez appeals from a judgment of conviction and an order denying postconviction relief by which he sought to withdraw his plea to second-degree sexual assault of a child. Lopez contends that he did not enter his plea of no contest knowingly, intelligently and voluntarily. He claims that he did not understand the constitutional rights he was waiving by accepting the plea. To support this claim, he points to the transcript of the plea colloquy and alleges that it was deficient, in part because the trial court did not adequately ascertain that he understood the constitutional rights he was waiving. He further alleges that his attorney failed to explain his constitutional rights to him. At a postconviction motion hearing, the trial court acknowledged that the plea colloquy was deficient, but nonetheless found that there was enough information in the record to conclude that Lopez's plea was knowing, intelligent, and voluntary. We affirm.

## BACKGROUND

¶ 2. On September 5, 2007, Lopez was charged with one count of first-degree sexual assault of a child under the age of thirteen, without great bodily harm (as a repeater), and two counts of misdemeanor bail jumping (as a repeater) in violation of WIS. STAT. §§ 948.02(1)(b), 939.50(3)(b), 939.62(1), 939.51(3)(a) and 946.49(1)(a)

(2007–08).[1] On October 16, 2007, Lopez entered a plea of no contest to an amended count of second-degree sexual assault of a child. A sentencing hearing was held on January 22, 2008, and Lopez was sentenced to ten years of initial confinement plus eight years of extended supervision.

¶ 3. Lopez then filed a notice of intent to pursue postconviction relief, alleging that his plea was not knowingly, intelligently, and voluntarily entered because he did not understand his constitutional rights.[2] Lopez argues (and the trial court agreed) that his plea colloquy was deficient on its face. Specifically, the trial court acknowledged that it had not "determined if any threats or promises were made to [Lopez] to force him to enter the plea." The trial court also did not explain or list Lopez's constitutional rights at the plea hearing; it merely confirmed that Lopez had signed and understood the plea questionnaire and the rights therein.

¶ 4. At the postconviction motion hearing, defense counsel testified that he could not remember his specific interactions with Lopez but that he could testify to his own custom and practice. He then testified that he does not always go over each constitutional right with each client. He stated:

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

[2] In his postconviction motion, Lopez actually made several arguments as to why his plea was not knowing, intelligent, and voluntary. However, on appeal his only argument is that he did not understand his constitutional rights. In his brief, Lopez mentions in passing that there may be other areas where the trial court and trial attorney did not ascertain his understanding—the elements of the offense, the factual basis of the plea, and the range of punishment. However, these arguments are undeveloped and we will not develop them for him. *See State v. Gulrud*, 140 Wis. 2d 721, 730, 412 N.W.2d 139 (Ct. App. 1987).

I will sometimes ask if they can tell me what the word "subpoena" means. That's my little test word. If they appear to know what they're doing, I leave them in peace and tell them to ask me questions if they have any. But then I watch them check it off, and I don't check off the box unless I see them check off the box first.

¶ 5.   On appeal, Lopez points out that he only has an eighth-grade education, presumably to argue that he would not have understood his rights in writing. The State counters that despite his education level, Lopez has extensive experience with the criminal justice system, including convictions for disorderly conduct, possessing drugs and drug paraphernalia, attempted theft, obstructing, failing to report to jail, battery, hit and run, sexual assault of a child, and murder. The State argues that this experience shows that he would have had additional exposure to the legal system and its terminology in the past.

¶ 6.   Although the trial court determined that the plea colloquy was deficient, it denied Lopez's motion to withdraw his no contest plea, finding that the State had proved by clear and convincing evidence that Lopez knowingly, intelligently, and voluntarily waived his constitutional rights. In its decision, the trial court pointed to the trial attorney's testimony that Lopez's lack of questions about his rights, particularly given his criminal history, led the attorney to assume that Lopez understood the rights he was relinquishing. Lopez appeals.

## DISCUSSION

██ ██

¶ 7.   A defendant who seeks to withdraw a plea after sentencing must establish by clear and convincing evidence that withdrawal is necessary to avoid manifest

injustice. *See State v. Brown*, 2006 WI 100, ¶ 18, 293 Wis. 2d 594, 716 N.W.2d 906. One way for a defendant to meet this burden is to show that he did not knowingly, intelligently, and voluntarily enter the plea. *Id.* A defendant who demonstrates that his plea was not knowingly, intelligently, and voluntarily entered may withdraw that plea as a matter of right. *Id.*, ¶ 19.

¶ 8.  To ensure that pleas are knowing, intelligent, and voluntary, trial courts must engage defendants in adequate plea colloquies that comply with WIS. STAT. § 971.08 and case law. *See State v. Bangert*, 131 Wis. 2d 246, 266–72, 389 N.W.2d 12 (1986). The trial court may refer to the plea questionnaire, but the questionnaire may not be a substitute for a personal, in-court colloquy. *State v. Hoppe*, 2009 WI 41, ¶¶ 30–32, 317 Wis. 2d 161, 765 N.W.2d 794. If a defendant shows that his plea was deficient, then the burden shifts to the State to show by clear and convincing evidence that the plea was knowing, intelligent, and voluntary despite the inadequacy of the colloquy. *Bangert*, 131 Wis. 2d at 274–75. In attempting to meet this burden, the State may use the entire record and may examine the defendant or defense counsel "to shed light on the defendant's understanding and knowledge." *State v. Plank*, 2005 WI App 109, ¶ 7, 282 Wis. 2d 522, 699 N.W.2d 235 (citation omitted).

¶ 9.  When reviewing a decision on a motion to withdraw a plea, this court accepts the trial court's findings of evidentiary or historical fact unless they are clearly erroneous. *See Brown*, 293 Wis. 2d 594, ¶ 19. However, whether a plea was knowingly, intelligently, and voluntarily entered is a question of constitutional fact that this court reviews independently. *Id.*

493

¶ 10.  We agree with the trial court that the plea colloquy was deficient. By merely asking Lopez whether he had read the plea questionnaire and understood its contents, the trial court failed to establish that Lopez understood the constitutional rights he was waiving by accepting the plea. *See Hoppe,* 317 Wis. 2d 161, ¶¶ 30–32. This violation shifted the burden to the State to show, by clear and convincing evidence, that Lopez entered his plea knowingly, intelligently and voluntarily despite the inadequacy of the colloquy when the plea was taken. *See Bangert,* 131 Wis. 2d at 274–75.

¶ 11.  Upon review of the record, we agree with the trial court that the State has met its burden. Despite the inadequacy of the plea colloquy, the record shows that Lopez fully understood the constitutional rights he waived. First, the record shows that the trial court *did* list Lopez's constitutional rights at the initial appearance, and Lopez affirmatively acknowledged that he understood them at that time. Subsequently, Lopez again acknowledged his understanding of the contents of his plea questionnaire by checking the boxes himself and signing it. He affirmed it once more at the plea hearing by acknowledging that he had signed the form and understood its contents.

¶ 12.  Finally, we agree with the State's underscoring of Lopez's extensive criminal history as a significant factor showing his knowing and voluntary waiver of rights. It is quite apparent that Lopez was familiar with the court system, despite his education level. While his criminal history is not dispositive, it is appropriate to infer some understanding based on his prior experience. When combined, Lopez's multiple affirmations that he understood his rights, his extensive criminal history, and the fact that he ultimately signed the plea

questionnaire and pled guilty lead us to believe that his plea was knowing, intelligent, and voluntary.

■■

¶ 13.   We emphasize that we do not condone the routine that Lopez's trial attorney customarily uses with regard to plea questionnaires. By postulating that if the client understands a certain legal term, he or she will understand everything else, the attorney runs the risk that the client will not, in fact, understand something of importance. We encourage defense counsel to be thorough—by dissecting each constitutional right individually to make sure defendants completely understand the constitutional rights they are waiving. This goes beyond asking if a defendant understands what is written on a form. Attorneys should always go through each enumerated right to ascertain whether the defendant truly understands what is being waived. That being said, after reviewing the record as a whole, we remain confident that Lopez understood the constitutional rights he was waiving.

*By the Court.*—Judgment and order affirmed.