## COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 20, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1935-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2016CF1243**

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

BOBBY L. GREEN,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: FREDERICK C. ROSA and T. CHRISTOPHER DEE, Judges. *Affirmed*.

Before Brash, P.J., Kessler and Dugan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Bobby L. Green appeals from a judgment convicting him of first-degree reckless injury with use of a dangerous weapon and possession of a firearm by a person adjudicated delinquent for an act that would be a felony if committed by an adult. *See* WIS. STAT. §§ 940.23(1)(a), 939.63(1)(b), 941.29(1m)(bm) (2015-16).[1] He also appeals the order denying his postconviction motion.[2] Green contends that he is entitled to plea withdrawal. We disagree and affirm.

## I. BACKGROUND

¶2 Green's convictions stem from an incident that took place in March 2016. The State initially charged Green with attempted first-degree intentional homicide with use of a dangerous weapon and possession of a firearm by a person adjudicated delinquent for an act that would be a felony if committed by an adult. According to the complaint, Green went to the victim's residence to engage in a sexual encounter in exchange for cash. When he was not paid for the sexual encounter, Green became angry and proceeded to shoot the victim three times. The complaint further alleged that in 2012, Green was adjudicated delinquent of a felony robbery, which is a violent felony under WIS. STAT. § 941.29(1g)(a).

¶3 At his initial appearance, the circuit court ordered a competency examination. Following a hearing, the circuit court deemed Green competent to proceed.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] The Honorable Frederick C. Rosa entered the judgment of conviction. The Honorable T. Christopher Dee entered the order denying Green's postconviction motion.

¶4 Pursuant to plea negotiations, Green pled guilty to the amended charge of first-degree reckless injury with use of a dangerous weapon and to possession of a firearm by a person adjudicated delinquent for an act that would be a felony if committed by an adult.

¶5 The circuit court sentenced Green to seven years of initial confinement and three years of extended supervision on the reckless injury count. The circuit court ordered Green to serve a consecutive sentence of three years of initial confinement and three years of extended supervision on the possession of a firearm charge.

¶6 Green filed a postconviction motion seeking to withdraw his guilty pleas. He argued that the circuit court's plea colloquy was inadequate insofar as he was not advised of the mandatory minimum penalties he faced and the requirement that the sentences would be consecutive. Following an evidentiary hearing where both Green and his trial counsel testified, the circuit court found that Green "was aware of the ramifications of his pleas," including the mandatory minimums and consecutive sentences, and therefore his pleas were not entered unknowingly.

¶7 The circuit court denied the motion, and this appeal follows.

## II. DISCUSSION

¶8 Green argues that he should be allowed to withdraw his pleas because he was not aware of the mandatory minimum penalties or the requirement that his sentences on the two offenses to which he pled guilty would be consecutive. On the first-degree reckless injury charge, Green was subject to a five-year mandatory minimum period of initial confinement because he was

previously adjudicated delinquent for committing a violent felony. *See* WIS. STAT. § 973.123(2)-(3) (2015-16). Green was also subject to a three-year mandatory minimum prison sentence for the possession of a firearm charge. *See* WIS. STAT. § 941.29(4m) (2015-16). Because he was subject to the five-year mandatory minimum penalty pursuant to § 973.123(3) (2015-16) and the three-year mandatory minimum penalty pursuant to § 941.29(4m) (2015-16), "arising from the same occurrence," Green was statutorily required to serve his sentences consecutively. *See* § 973.123(4) (2015-16).

¶9     A defendant who seeks to withdraw a plea after sentencing must prove by clear and convincing evidence that withdrawal is necessary to avoid a manifest injustice. *See **State v. Taylor***, 2013 WI 34, ¶24, 347 Wis. 2d 30, 829 N.W.2d 482. One way a manifest injustice occurs is when a plea was not knowingly, voluntarily, and intelligently entered. *See **id.***

¶10    A defendant is entitled to a hearing on a motion to withdraw a plea if the motion makes a prima facie showing that the circuit court's plea colloquy failed to conform to WIS. STAT. § 971.08 or other mandated procedures and if the motion adequately alleges that the defendant did not know or understand the information that should have been provided at the plea hearing. *See **State v. Brown***, 2006 WI 100, ¶2, 293 Wis. 2d 594, 716 N.W.2d 906. Section 971.08(1)(a) requires the circuit court to "determine that the plea is made voluntarily with understanding of … the potential punishment if convicted."

¶11    "Once the defendant files a ***Bangert*** motion entitling him to an evidentiary hearing, the burden shifts to the State to prove by clear and convincing

evidence that the defendant's plea was knowing, intelligent, and voluntary despite the identified defects in the plea colloquy."[3] ***State v. Hoppe***, 2009 WI 41, ¶44, 317 Wis. 2d 161, 765 N.W.2d 794; *see* ***State v. Bangert***, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).

¶12 In determining whether the State met its burden, we accept the circuit court's findings of historical and evidentiary facts unless clearly erroneous, but we independently determine whether those facts establish that the defendant's plea was knowing, intelligent, and voluntary. *See* ***Hoppe***, 317 Wis. 2d 161, ¶45. The State is allowed to rely on the totality of the evidence, including evidence outside the plea colloquy transcript, to fulfill its burden. ***Brown***, 293 Wis. 2d 594, ¶40.

¶13 Green concedes that the circuit court's finding that trial counsel was more reliable than Green was permissible under the evidence but argues that the circuit court did not give appropriate weight to trial counsel's failure to state the minimum penalties on the plea questionnaire form. Green emphasizes his cognitive limitations and submits that the State did not meet its burden of establishing that he understood the minimum penalties and the consecutive sentences he faced.

¶14 Trial counsel testified that she met with Green "at least ten, and maybe more times," and she slowly explained things to him "chunk by chunk" to ensure he "understood what was happening in the case." Trial counsel testified that Green had cognitive limits to which she adapted. Trial counsel further stated

---

[3] A ***Bangert*** motion "is based on defects in the plea colloquy[.]" *See* ***State v. Hoppe***, 2009 WI 41, ¶3, 317 Wis. 2d 161, 765 N.W.2d 794.

that she specifically discussed with him the statutory minimum sentences and the statutory requirement that the sentences be served consecutively. She said that Green appeared to understand. This testimony, which the circuit court deemed credible, supports the circuit court's finding that Green "was aware of the ramifications of his pleas."

¶15 The State acknowledges that the plea questionnaire form did not identify the minimum penalties. This omission does not, however, negate trial counsel's testimony that she discussed the mandatory minimums and the consecutive sentences with Green and that she believed he understood them.

¶16 Green's testimony at the evidentiary hearing was at odds with trial counsel's testimony. He denied discussing the mandatory minimums and the consecutive sentences with trial counsel. He further claimed he was unsure if the signature on the plea questionnaire form was his. However, "[i]t is for the circuit court, not this court, to determine witness credibility." *State v. Plank*, 2005 WI App 109, ¶11, 282 Wis. 2d 522, 699 N.W.2d 235. We will not upset the circuit court's credibility decision unless the evidence and inferences that support the decision are incredible. *See Global Steel Prods. Corp. v. Ecklund*, 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269. "Incredible as a matter of law means inherently incredible, such as in conflict with the uniform course of nature or with fully established or conceded facts." *State v. King*, 187 Wis. 2d 548, 562, 523 N.W.2d 159 (Ct. App. 1994).

¶17 Here, the inferences drawn by the circuit court as to the shortcomings of Green's testimony, i.e., that he was "either feigning his ignorance" or was "an astoundingly poor historian," are not incredible as a matter of law. The circuit court ultimately concluded that Green's "testimony [was]

6

unreliable at best," and we will not upset that decision. We affirm the circuit court's denial of Green's postconviction motion seeking plea withdrawal.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.