Earl E. Grunwald, Plaintiff-appellant,
Johnny Walker Transportation, Plaintiff,
v.
Milwaukee Casualty Insurance and Heidi Schultz, Defendants-Respondents.
No. 2006AP76.
Court of Appeals of Wisconsin, District I.
July 25, 2006.
¶1 CURLEY, J.[1]
Earl E. Grunwald appeals pro se the trial court's order dismissing his small claims case against Heidi Schultz and Milwaukee Casualty Insurance.[2] Grunwald argues that the trial court erred when it determined that he failed to meet his burden of proof that Schultz was more negligent than he was in causing the accident between Schultz's car and his tow truck and the "maxivan" he was towing. Because the trial court's findings are not clearly erroneous, this court affirms.
¶2 Grunwald brought a small claims action, see Chapter 799, against Schultz as a result of an accident that occurred on February 18, 2003. According to Grunwald's testimony during a court trial, he was driving a tow truck and towing a "maxivan" while traveling north on 35th Street. He stopped in the middle of the intersection of 35th Street and Lisbon Avenue, waiting for a small white car to turn left. After the car turned, he proceeded through the intersection when Schultz, traveling west on Lisbon Avenue, struck him on the right front wheel of his truck and pushed his truck in a forty-five degree angle, causing the tow chains to break and the towed vehicle to fall.
¶3 Schultz disagreed with Grunwald's account. She told the trial court that she had stopped for a red light as she was traveling west, and when the light changed, she proceeded into the intersection. She testified that next, "[t]he plaintiff was in his tow truck and we had a collision." She also claimed that two witnesses told her that they saw the accident, and one stated that Grunwald ran a red light. The motor vehicle accident report was admitted into evidence. The narrative portion stated that "unit #1 [Grunwald's tow truck] n/b on N. 35th Street is towing unit #x when it disregards the traffic control signal and procedes [sic] against the red light, forcing a collision with unit #2 [Schultz's car], which was w/b on W. Lisbon Ave. and proceding [sic] lawfully...." On cross-examination, Schultz claimed never to have seen the tow truck or its yellow lights, and did not know what the car next to her, also traveling west, was doing.
¶4 Following the taking of testimony, Grunwald argued that the fact that Schultz had pushed a tow truck sideways showed that he had proven that Schultz never stopped for the red light and that she traveled through the crosswalk and one lane of traffic at an excessive speed before she hit him in the center lane. The trial court disagreed with Grunwald's conclusion, stating that "plaintiff has not sustained his burden of proof," and remarked that, "[I]t seems to me I have equally competing inferences here." The trial court then proceeded to make findings of fact consistent with the version of the facts presented by Schultz. In the end, the trial court concluded:
I can't find that he's not negligent. I don't think he's sustained his burden that she's more negligent than he is. His lights were on because it was dark. There was a yellow light, so she has some lookout issues. That's true, but I can't find that her negligence exceeded his which is what I have to find in order to rule in his favor. So I dismiss the lawsuit.
¶5 Grunwald submits that the trial court erred. He basically restates the arguments he made at trial and contends that: (1) the witness "jumped to conclusions" when she said he ran the red light; (2) the lack of any sign of momentum on his part and the damage sustained by the truck and car support his version of the events that he was stopped behind a car turning left and was slowly moving through the intersection; (3) the fact that no other westbound cars moved into the intersection shows that those drivers saw that he was stopped in the intersection and strongly suggests that Schultz was never stopped at the light, but in fact, arrived after the light turned green, and was speeding; and (4) the court did not "fully consider" Schultz's failure to maintain an adequate lookout shortly before the accident.
¶6 The standard of review we apply to a circuit court's findings of fact is highly deferential. The Wisconsin statutes require that in the event of a court trial a circuit court's "[f]indings of fact shall not be set aside unless clearly erroneous." WIS. STAT. § 805.17(2); see also State v. Van Camp, 213 Wis. 2d 131, 140, 569 N.W.2d 577 (1997). In other words, this court defers to the circuit court's findings of fact unless they are unsupported by the record and are, therefore, clearly erroneous. Mentzel v. City of Oshkosh, 146 Wis. 2d 804, 808, 432 N.W.2d 609 (Ct. App. 1988) (citing WIS. STAT. § 805.17(2)).
¶7 After reading the transcript of the trial and examining the exhibits, this court cannot find that the trial court's findings were clearly erroneous because the record supports the trial court's findings. As noted by the trial court, the inferences were "equally competing." The trial court chose to believe Schultz when she said that she had stopped for the red light and did not see the tow truck. The trial court found Grunwald's account unpersuasive. The trial court had the right to decide credibility. When the trial court is the finder of fact, it is the sole assessor of a witness's credibility. See Estate of Dejmal v. Merta, 95 Wis. 2d 141, 152, 289 N.W.2d 813 (1980).
¶8 As to Grunwald's argument, in its findings, the trial court suggested that Schultz may have not kept an appropriate lookout; however, that fact did not outweigh the trial court's belief that Grunwald may have run the red light, and, even if he did not, he was as much a cause of the accident as was Schultz. With respect to Grunwald's argument that the damage and the position of the truck and car after the accident is evidence that Schultz caused the accident, this court notes that Grunwald is not an accident reconstruction expert, and the trial court was not required to accept his conclusions concerning where the vehicles were damaged and where they ended up after the accident. As to why other westbound drivers did not enter the intersection, there could have been numerous reasons why they failed to enter the intersection, and this fact does not necessarily support Grunwald's version.
¶9 In sum, the trial court listened to the evidence, reviewed the exhibits and came to a determination that a reasonable trial court could come to after listening to the conflicting evidence and observing the witnesses' demeanor on the witness stand. Nothing in the trial court's findings defies reason or logic. Thus, this court is satisfied that the trial court's findings were not "clearly erroneous" and the trial court's order of dismissal is affirmed.
¶10 Schultz and her insurance company have filed a motion seeking costs and attorney fees pursuant to WIS. STAT. § 809.25(3), arguing that Grunwald's appeal was frivolous. This court does not believe that the circumstances here merit a frivolous finding. While Grunwald was unsuccessful in his attempt to have the trial court's decision overturned, and he appears not to fully appreciate the different standards of review this court must employ on appeal, his appeal does not appear to be motivated by bad faith or harassment purposes, and his appeal had some reasonable basis in the record. Consequently, this court will not order cost and attorney fees under § 809.25(3).
By the Court.  Order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2003-04).
[2] Because this appeal is from a small claims action, no written order is in the file, and this court is relying on the docket entry pursuant to WIS. STAT. § 808.03(1)(b) (2003-04).

All versions of the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.