GUNDRUM, J.[1]
¶ 1 David R. Olofson appeals pro se from a judgment for garnishment. We affirm.
Background
¶ 2 In 2008, a $7,950.83 default judgment was entered against Olofson. On August 10, 2017, Unifund CCR Partners attempted to collect on the judgment by filing a non-earnings garnishment action. Naming Olofson as the debtor and DD&P Services LLC, a business of which Olofson is part owner, as the garnishee, Unifund sought recovery of Olofson's property that was in DD&P's possession or control. On August 20, 2017, the garnishment action was served on Olofson and DD&P. The next day, August 21, 2017, DD&P made payments to Olofson totaling $1,500. On September 7, 2017, David "L." Olofson, manager of DD&P, filed a garnishee answer on behalf of DD&P, stating DD&P did not have "control or possession of property belonging to" Olofson. Following a garnishment hearing, the circuit court determined that the action was properly filed as a nonearnings garnishment action and that DD&P had $1,500 of Olofson's property in its possession when DD&P was served with the garnishment action on August 20, 2017. The court ruled that, pursuant to WIS. STAT. ch. 812, DD&P was liable to Unifund for $1,500, the amount of funds DD&P transferred to Olofson on August 21, 2017. Olofson appeals.
Discussion
¶ 3 As the appellant, Olofson bears the burden of convincing us the circuit court erred. See Gaethke v. Pozder , 2017 WI App 38, ¶ 36, 376 Wis. 2d 448, 899 N.W.2d 381. However, he has failed to develop any legal argument as to how the circuit court erred,[2] and we will not abandon our neutrality to try to find and develop a legal argument for him. See Industrial Risk Insurers v. American Eng'g Testing, Inc., 2009 WI App 62, ¶ 25, 318 Wis. 2d 148, 769 N.W.2d 82 ("[W]e will not abandon our neutrality to develop arguments [for a party]."). While we recognize that Olofson is pro se, he is still required to abide by the same rules governing attorneys. See Waushara Cty. v. Graf, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992).
¶ 4 That said, we note the following: WIS. STAT. § 812.18(1) provides:
From the time of service upon the garnishee, the garnishee shall be liable to the creditor for the property then in the garnishee's possession or under his or her control belonging to the debtor or in which the debtor is interested to the extent of his or her right or interest therein and for all the garnishee's debts due or to become due to the debtor....
(Emphasis added.) Olofson appears to contend the circuit court erred in determining that DD&P possessed or controlled property of his on August 20, 2017, the date DD&P was served with the garnishment action.[3] He asserts "there are no financial records ... that would tell DD&P, it's accountant, or any of the other owners that any specific amount was owed to Olofson at the time the non-earnings garnishment was served" and no one "looking at the accounting records could determine what if anything was specifically owed to Olofson."
¶ 5 We review de novo the court's application of facts to a statute. See Hefty v. Strickhouser , 2008 WI 96, ¶ 27, 312 Wis. 2d 530, 752 N.W.2d 820.
¶ 6 Here, the garnishment complaint identified Unifund's claim against Olofson as the judgment of $7,950.83 plus thousands of dollars more in interest. At the hearing, Unifund argued that "clearly funds [were] owed" to Olofson from DD&P on the date of service of the garnishment action, August 20, 2017, "as he was then taking a draw the day after service." Based upon DD&P's $1,500 transfer to Olofson on August 21, 2017, and based upon its "review of Chapter 812," the circuit court implicitly agreed with Unifund that on the date of service, August 20, 2017, DD&P was in possession or control of $1,500 that either belonged to Olofson or in which Olofson was interested. We agree the court made a reasonable inference here, and its ruling holding DD&P liable for the $1,500 was consistent with the plain language of WIS. STAT. § 812.18(1), which states, as applicable here, that "[f]rom the time of service" upon DD&P, DD&P "shall be" liable to Unifund for the property "then" in DD&P's possession or control "belonging to [Olofson] or in which [Olofson] is interested."
¶ 7 To Olofson's point that it was unclear "specifically" how much money DD&P possessed or controlled on August 20, 2017, which belonged to Olofson or in which he had an interest, we note that the court did not order that DD&P pay the full amount of the claim sought by Unifund in the garnishment action. Rather, the court only ordered an amount that it could reasonably infer was in possession or control of DD&P that belonged to Olofson or in which Olofson had an interest at the time of service, and that was $1,500. We affirm.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Olofson cites to a currently non-existent state statute number and various cases without developing any argument as to how these cases should affect the outcome of this appeal.

Olofson also asserts the circuit court erred in "ruling the action as a proper non-earnings garnishment." He completely fails to develop any argument in support of this contention and thus we do not address it. See State v. Pettit , 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (stating we need not address undeveloped arguments).
Olofson additionally identifies as an issue: "If a non-earnings garnishment is appropriate, should protections following the poverty guidelines under 42 USC 9902 (2) and as implemented by 1993 Wisconsin Act 30 be followed for business owners who rely on their business for all of their income who are not specifically listed as an employee." In his three sentences that follow, Olofson asks questions (for example, "[i]f a non-earnings garnishment was appropriate in this situation then what, if any protections should someone with an interest in a business, or the business be given?"), but he completely fails to even attempt to develop an argument for how the circuit court might have erred. As a result, we do not address this issue. See Pettit , 171 Wis. 2d at 646-47. Even if he had developed an argument, however, he did not raise this issue before the circuit court and we do not address issues for the first time on appeal. See State v. Van Camp , 213 Wis. 2d 131, 144, 569 N.W.2d 577 (1997). Furthermore, Unifund develops an argument in its response brief that the circuit court correctly determined that this matter was properly filed as a nonearnings garnishment, not an earnings garnishment, and that as such the exemptions to garnishment of Wis. Stat. § 812.34 do not apply in this case. By not filing a reply brief, Olofson has failed to refute Unifund's arguments in this regard and therefore concedes them. Dalka v. Wisconsin Cent., Ltd. , 2012 WI App 22, ¶ 15 n.1, 339 Wis. 2d 361, 811 N.W.2d 834 ("Unrefuted arguments are deemed admitted.").