BLANCHARD, J.[1]
¶1 Beau Ellenbecker appeals a circuit court order filed on August 16, 2018 ("the August 16 order"), denying his motion to reopen this small claims action or to reconsider the court's grant of a June 19, 2018 writ of replevin and default judgment in favor of Ashley Thompson ("the June 19 judgment"). The June 19 judgment was entered based on Ellenbecker's failure to appear at a hearing. The court entered the August 16 order after Ellenbecker again failed to appear, this time at the motion hearing on August 7 to address Ellenbecker's motion to reopen or to reconsider the June 19 judgment. I now provide background and then explain why I affirm the August 16 order appealed by Ellenbecker.
¶2 Thompson commenced this action with a small claims summons and complaint, attaching supporting documentation, for return of a car that she alleged Ellenbecker was wrongfully refusing to return to her. A certificate of service filed with the clerk reflected seven separate attempts at service on Ellenbecker at two different addresses by the Wood County Sheriff's Department, over the course of 11 days in May 2018. Also filed with the clerk was proof of publication of the summons and notice, reflecting publication of a notice identifying the parties in the action in the Wisconsin Rapids Daily Tribune on May 31, 2018, and announcing the scheduling of a hearing at 1:00 p.m. on June 19, 2018, at the Wood County Courthouse. On June 19, 2018, the circuit court issued the June 19 judgment: a writ of replevin and judgment in favor of Thompson and against Ellenbecker for return of the identified car.
¶3 On July 12, 2018, Ellenbecker filed a "Motion For Reconsideration," acknowledging that he had been "unable to attend the proceedings" on June 19, but purporting to raise various objections to the June 19 judgment. In the motion, Ellenbecker alleged in part that Thompson's attorney "purposely waited to file this lawsuit until I had left the state for truck driving school, that way I wouldn't be [ ]able to attend the proceedings" and present evidence. However, Ellenbecker provided no further details regarding his absence from Wisconsin. He provided his mailing address as 513 21st Avenue South, Wisconsin Rapids, Wisconsin 54495.
¶4 On August 16, 2018, the circuit court filed the August 16 order, which denied the defendant's motion to reopen or to reconsider on the ground that Ellenbecker had failed to appear for an August 7, 2018 hearing on that motion.
¶5 One transcript is in the record, from the August 7 hearing. The transcript reflects an appearance by Thompson and her attorney and no appearance by Ellenbecker. In pertinent part, the court observed that notice of the August 7 hearing was sent to the 21st Avenue South address provided by Ellenbecker in his "Motion For Reconsideration." The court noted that, despite this, Ellenbecker "isn't appearing here today, he's had ample opportunity, his motion to reopen is dismissed."
¶6 In his opening brief, Ellenbecker purports to raise three issues, which I now identify and address in turn. First, he appears to argue that the court lacked a basis to exercise authority in this small claims action because Thompson failed to "submit any documentation" that the value of the car was less than $ 10,000, as would be required for a replevin action in small claims court. See WIS. STAT. § 799.01(1)(c). There are multiple problems with this argument, but it is sufficient to note that Ellenbecker fails to point to any record evidence that he raised this issue in the circuit court. He cites to his "Motion for Reconsideration," but that reflects only an argument about marital status or marital information. Arguments raised for the first time on appeal are generally deemed forfeited, and I see no good reason not to follow that general rule here. See State v. Van Camp , 213 Wis. 2d 131, 144, 569 N.W.2d 577 (1997).
¶7 Second, Ellenbecker asserts, without providing support, that Thompson's attorney committed a "multitude of infraction[s] of the Rules of Professional Conduct." Putting aside the lack of support for these allegations, it is sufficient to observe that Ellenbecker fails to show how any alleged "infraction" could have undermined the August 16 order.
¶8 Third, Ellenbecker argues that the circuit court violated the code of judicial conduct by allegedly conducting an ex parte hearing with Thompson and her attorney on August 7. This is a completely baseless allegation. The transcript from the August 7 hearing reflects a conscientious effort by the court to attempt to determine why notice of the hearing, which the court believed had been sent to the last address provided by Ellenbecker, might not have reached him.
¶9 It is unclear, but Ellenbecker may also mean to make the more direct argument that he was not given proper notice of the August 7 hearing at which his motion was denied. There is no dispute that Ellenbecker's "Motion For Reconsideration" could not be heard without proper notice. See WIS. STAT. § 801.15(4) ("All written motions shall be heard on notice unless a statute or rule permits the motion to be heard ex parte."); see also WIS. STAT. § 801.14(1) ("[E]very written notice ... shall be served upon each of the parties."). However, he fails to develop an argument, supported by citation to the record, that he was not sent proper notice of the August 7 hearing, contrary to the clear understanding of the circuit court.
¶10 If Ellenbecker intends to offer any additional arguments in his opening brief, I reject them because they are not developed based on pertinent record citations and correct statements of the law that could undermine the August 16 order. See State v. Pettit , 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (to address appellant's arguments we would first have to develop them and "[w]e cannot serve both as advocate and judge").
¶11 In his reply brief, Ellenbecker may intend to make additional arguments, but it would not be appropriate for me to address those tardy attempts. See State v. Chu , 2002 WI App 98, ¶42 n.5, 253 Wis. 2d 666, 643 N.W.2d 878 (court will generally not address issues raised by an appellant for the first time in a reply brief).
¶12 In sum, Ellenbecker fails to make a properly supported and developed argument challenging the circuit court's denial of his motion to reopen, and thus fails to take the first step toward obtaining potential relief.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.