COURT OF APPEALS
DECISION
DATED AND FILED

January 14, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2018AP1053-CR**

Cir. Ct. No. 2016CF2395

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MATTHEW CURTIS SILLS,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Reversed and cause remanded with directions*.

Before Brash, P.J., Kessler and Dugan, JJ.

¶1    DUGAN, J. Matthew Curtis Sills appeals from the judgment of conviction, following his guilty plea to one count of second-degree sexual assault.

¶2    Sills argues that the trial court erred in denying his motion to withdraw his guilty plea prior to sentencing even though the evidence establishes that he was not advised of the maximum fine for the second-degree sexual assault charge and that he did not know that any fine could be imposed. We agree. Therefore, we reverse the judgment and remand with directions to allow Sills to withdraw his plea.

## BACKGROUND

¶3    On June 4, 2016, Sills was charged with one count of first-degree sexual assault of a child under the age of thirteen. The victim was Elizabeth.[1] The complaint stated that the maximum penalty for first-degree sexual assault of a child under the age of thirteen is a sixty-year term of imprisonment, without any mention of a fine.

¶4    Pursuant to a plea agreement, the State filed an amended information on August 23, 2016, charging Sills with second-degree sexual assault of a child under the age of sixteen. The amended information stated that the maximum penalty for second-degree sexual assault of a child under the age of sixteen is a forty-year term of imprisonment, a $100,000 fine, or both.

¶5    On August 23, 2016, the trial court conducted a plea hearing during which it informed Sills that the penalty for second-degree sexual assault of a child under the age of sixteen is a maximum forty-year term of imprisonment.

---

[1] We have adopted the pseudonym Elizabeth used by the State to protect the victim's identity.

However, the trial court did not tell Sills that he also faced a maximum $100,000 fine, either alone or in addition to the maximum forty-year term of imprisonment.[2]

¶6 Original trial counsel then advised the trial court that he believed that Sills was having a panic attack and asked the trial court to order a competency evaluation for Sills. The trial court granted the request for the competency evaluation.

¶7 Subsequently, the examining psychologist, Dr. Deborah L. Collins, director of the Wisconsin Forensic Unit, filed a report of her evaluation of Sills indicating that he was competent to proceed to trial.[3] Sills contested the finding and the trial court presided over an October 24, 2016 competency hearing where Dr. Collins testified that Sills was competent to stand trial. She also testified that Sills had borderline intellectual functioning. At the close of the hearing, the trial court found that Sills was competent to proceed to trial.

¶8 On January 30, 2017, the State filed a second amended information charging Sills with repeated sexual assault of a child, which had a maximum sixty-year term of imprisonment with a mandatory minimum twenty-five-year term of

---

[2] At the plea hearing, the trial court and original trial counsel referred to a plea questionnaire and waiver of rights form dated August 13, 2016. The appellate record does not include that document.

Sills was represented by two attorneys in succession. We refer to Sills' first trial counsel as original trial counsel and to Sills' second trial counsel as successor trial counsel.

[3] Dr. Collins reported that Sills had a "special educational assignment" in school due to a learning disability. She also stated that, although Sills finished high school, he was given a certificate of completion, not a high school diploma. She further stated that it would be "imperative that those who communicate with Mr. Sills about his case do so using terms and language commensurate with his ability" and that he would "likely require assistance reading any written documentation."

confinement, but no fine; and incest with a child, which had a maximum forty-year term of imprisonment, a $100,000 fine, or both.

¶9 Pursuant to a plea agreement, the State withdrew the second amended information and, on February 3, 2017, the trial court conducted a plea hearing on the charge of second-degree sexual assault of a child. A plea questionnaire and waiver of rights form regarding the charge of second-degree sexual assault of a child was filed by original trial counsel on February 3, 2017. The form stated that the penalty for the charge was forty years in a Wisconsin state prison. The form did not state that the penalty included a maximum fine of $100,000 and that both the fine and the maximum term of imprisonment could be imposed upon Sills.

¶10 During the plea colloquy, the trial court asked Sills, "So you understand what you're charged with, sir, the [forty]-year felony?" Sills responded, "Yes, sir." The trial court did not advise Sills of the fine that could be imposed. Sills then pled guilty to the charge and the trial court accepted the plea.

¶11 On February 15, 2017, Sills filed a *pro se* motion to withdraw his guilty plea. In March 2017, Sills filed additional *pro se* motions for orders allowing him to withdraw his guilty plea, claiming that original trial counsel lied to him and bullied him into taking the plea. Original trial counsel then filed a motion to withdraw from representing Sills and, on March 24, 2017, the trial court granted original trial counsel's motion to withdraw as Sills' attorney. Successor trial counsel was then appointed to represent Sills.

¶12     Successor trial counsel filed a ***Bangert***[4] motion on May 29, 2017, seeking an order allowing Sills to withdraw his guilty plea.  The motion alleged that Sills "did not enter his guilty plea with a full understanding of the elements of the offense, the consequences of his plea, and the information being discussed by the court at the plea hearing."  The motion stated that Sills was confused about much of what was discussed at the plea hearing, including how the trial court was not bound by the parties' plea negotiations, he was only a "little bit" sure of what the elements of the offense were, he only understood some things about what was being discussed at the hearing, he did not understand the legal definition of "sexual contact," and that the trial court did not discuss with him the definition of "sexual contact" contained in WIS JI—CRIMINAL 2101A.  The State agreed that an evidentiary hearing on the motion was necessary.

¶13     On June 15, 2017, the trial court conducted an evidentiary hearing on Sills' motion to withdraw his guilty plea.  Both Sills and original trial counsel testified at the hearing.  Sills testified that he wanted to withdraw his plea.  He also testified that he completed high school with a special diploma because he was in special education classes due to a learning disability.  He further testified that he had depression and schizophrenia for which he took medications and received social security benefits.

---

[4] *See **State v. Bangert**,* 131 Wis. 2d 246, 260-62, 389 N.W.2d 12 (1986) (summarizing a trial court's duties at a plea hearing, which are designed to ensure that a defendant's guilty or no-contest plea is knowing, intelligent, and voluntary).  If the trial court fails to fulfill one of the duties, it is called a ***Bangert*** violation and a motion raising the alleged error is called a ***Bangert*** motion.  ***State v. Cross****,* 2010 WI 70, ¶19, 326 Wis. 2d 492, 786 N.W.2d 64.

¶14 During cross-examination, successor trial counsel asked original trial counsel whether the plea questionnaire and waiver of rights form listed the maximum penalties for second-degree assault of a child, as follows:

> [Successor trial counsel]: Did you write out … the maximum fine?
>
> [Original trial counsel]: Looks like I neglected to do that.
>
> [Successor trial counsel]: Is that something that was not explained to [Sills] by you?
>
> [Original trial counsel]: I don't recall.

¶15 Successor trial counsel then conducted redirect examination of Sills and asked him whether he understood at the time he entered the plea that the maximum penalty for second-degree sexual assault of a child was forty years in prison. Sills responded, "Yes." Successor trial counsel next asked Sills whether he understood that the maximum fine he faced for second-degree sexual assault was $100,000. Sills responded, "No." Successor trial counsel then asked Sills whether the $100,000 fine was something that original trial counsel had discussed with him. Sills again responded, "No." Successor trial counsel then asked Sills, "And that's not something you saw in the plea [questionnaire and waiver of rights] form when you signed it?" Sills responded, "No."

¶16 The trial court then asked, "Anything else[?]" The State and successor trial counsel responded, "No." The trial court then made its ruling denying Sills' motion to withdraw his plea, stating:

> [I]t appears after having the [c]ourt read the guilty plea questionnaire and waiver of rights form, and the fact that the instructions were in fact included as to the elements of the offense and including [sexual] *contact* … I think it was February 3, 2017—it would appear that the [c]ourt went over completely what the elements were. Appropriate questions were in fact asked of the defendant, whether or

not he understood … what the issues were. And when the [c]ourt—at times during the colloquy with the defendant, there were times when the [c]ourt … went off the record, and the defense then had the opportunity to explain more based upon the questions that were being solicited by the [c]ourt. So there's—there was time that was taken. It appeared that the answer[s] that the defendant was giving did appear to be somewhat [in]appropriate, but that was rectified by the [c]ourt going off the record and counsel discussing with him those issues.

It does appear that the attorney had read the complaint or the defendant had read it to him. That he understood what the penalties were. That he understood his rights. He understood the discovery. What his options were in the case.

The defendant doesn't have any absolute right to withdraw his plea. And after having heard both the defendant and [original trial counsel], the [c]ourt would conclude that there's no absolute right to withdraw his plea. And there's no adequate reason to withdraw his plea. And there's no fair and just reason to allow him to withdraw his plea. So the plea stands.

¶17    Successor trial counsel then asked the trial court to address whether Sills could withdraw his plea because he did not understand the maximum possible penalties for the crime to which he pled guilty. Successor trial counsel based his argument on original trial counsel's testimony that he had not written the maximum fine for second-degree sexual assault of a child on the plea questionnaire and waiver of rights form and that he could not recall if he had discussed the $100,000 fine with Sills, Sills' testimony that he did not understand that there was a maximum $100,000 fine for second-degree sexual assault of a child, and the fact that the trial court had not advised Sills of the $100,000 maximum fine.

¶18    The trial court responded, "Well, he understood what the complaint said. And within that complaint there's the penalty provision." Successor trial counsel then interjected, "It was an amended information. The original complaint

had a different charge." The trial court then continued stating "Or the information." It then stated:

> I'm not going to allow [Sills] to withdraw his plea because … from the testimony and based upon the transcript, I believe that the plea was taken voluntarily and knowingly and intelligently. And there was a significant amount of time that [original trial] counsel went over that paperwork with the defendant, as did the [c]ourt.

¶19 On July 19, 2017, the trial court sentenced Sills to nine years of initial confinement to be followed by six years of extended supervision. The judgment of conviction was entered on July 21, 2017.

¶20 This appeal follows.

## DISCUSSION

¶21 The sole issue on appeal is whether the trial court erred in denying Sills' motion to withdraw his guilty plea. Based on the record, which shows that a *Bangert* violation occurred during the plea hearing, we conclude that the trial court was required to allow Sills to withdraw his plea.[5]

¶22 Sills argues that the trial court's plea colloquy was deficient because it failed to advise him of the maximum fine for the second-degree sexual assault charge. He further states that he did not understand the maximum fine. Sills argues that this constitutes a *Bangert* violation and that the State failed to prove that he in fact knew about the maximum fine. He then contends that, as a matter of right, he is entitled to withdraw his plea.

---

[5] The issue on appeal is whether Sills made a prima facie showing that the trial court committed a *Bangert* violation during the plea hearing. Sills does not argue that he alleged a "fair and just" reason to withdraw his plea prior to sentencing.

### I.     Applicable law

¶23     *Bangert* summarizes a trial court's duties at a plea hearing, which are designed to ensure that a defendant's guilty or no-contest plea is knowing, intelligent, and voluntary.  *See id.*, 131 Wis. 2d 246, 260-62, 389 N.W.2d 12 (1986); *see also* **State v. Brown**, 2006 WI 100, ¶¶22, 34, 293 Wis. 2d 594, 716 N.W.2d 906 ("reexamin[ing] the legal tenets fundamental to guilty pleas" and "restat[ing] and supplement[ing] the *Bangert* outline").  A plea may be involuntary because the defendant does not have a complete understanding of the charge.  **State v. Van Camp**, 213 Wis. 2d 131, 139-40, 569 N.W.2d 577 (1997). WISCONSIN STAT. § 971.08(1)(a) (2017-18)[6] requires the trial court to "determine that the plea is made voluntarily with understanding of ... the potential punishment if convicted."  **Bangert** requires a trial court to establish that a defendant understands the nature of the crime with which he is charged and "the range of punishments to which he is subjecting himself by entering a plea", and it must "[n]otify the defendant of the direct consequences of his plea[.]" **Brown**, 293 Wis. 2d 594, ¶35.  A fine is part of the range of punishments a defendant faces.  *See* WIS. STAT. § 939.50(3); **State v. Ramel**, 2007 WI App 271, ¶15, 306 Wis. 2d 654, 743 N.W.2d 502.

¶24     When a defendant seeks to withdraw his or her plea based on a **Bangert** violation, the defendant must make a prima facie showing that the trial court did not comply with WIS. STAT. § 971.08 or other mandatory procedures. **Bangert**, 131 Wis. 2d at 274.  If the defendant makes such a showing

---

[6] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

and alleges that he in fact did not know or understand the information which should have been provided at the plea hearing, the burden will then shift to the [S]tate to show by clear and convincing evidence that the defendant's plea was knowingly, voluntarily, and intelligently entered, despite the inadequacy of the record at the time of the plea's acceptance.

*Id.* "The State may 'rely on the totality of the evidence, much of which will be found outside the plea hearing record.'" *See **State v. Hoppe***, 2009 WI 41, ¶47, 317 Wis. 2d 161, 765 N.W.2d 794 (citation omitted). "The rule in ***Bangert*** and ***Brown*** is that if the State cannot meet its burden of proof, the defendant is entitled to withdraw his plea." ***State v. Finley***, 2016 WI 63, ¶94, 370 Wis. 2d 402, 882 N.W.2d 761. "When a guilty plea is not knowing, intelligent, and voluntary, a defendant is entitled to withdraw the plea as a matter of right because such a plea 'violates fundamental due process.'" ***Brown***, 293 Wis. 2d 594, ¶19 (citation omitted).

¶25 We will not upset the trial court's findings of evidentiary or historical facts unless they are clearly erroneous. *See **State v. Turner***, 136 Wis. 2d 333, 343-44, 401 N.W.2d 827 (1987); *see also* WIS. STAT. § 805.17(2).

## II. The trial court breached its duties at the plea hearing
### A. Sills did not forfeit his *Bangert* claim

¶26 The State argues that Sills did not move for relief under ***Bangert*** and therefore, forfeited that claim. However, the record refutes that contention. First, Sills' motion to withdraw his plea that was filed by successor counsel cites ***Bangert***. Further, at the evidentiary hearing on Sills' plea withdrawal motion, Sills testified that he did not understand that the maximum fine he faced was $100,000. Sills' testimony is consistent with the fact that the fine was not listed

on the plea questionnaire and waiver of rights form, and original trial counsel's testimony that he did not recall whether he had told Sills about the fine.

¶27 During the hearing on the motion to withdraw his plea, successor trial counsel questioned original trial counsel regarding the $100,000 fine and then recalled Sills to question him about his knowledge of the $100,000 fine. The State did not object to either examination. *See **State v. Goodrum***, 152 Wis. 2d 540, 549, 449 N.W.2d 41 (Ct. App. 1989) (stating that failure to object during questioning results in forfeiture of alleged improprieties in questioning).[7]

¶28 Finally, successor trial counsel explicitly asked the trial court to rule that Sills' lack of understanding required plea withdrawal: "So [Sills] didn't understand the maximum possibilities. And I believe that's another basis to allow him to withdraw his plea." The State raised no objection to successor trial counsel's request for that ruling. *See **id.*** (stating that failure to object to alleged improprieties in closing argument results in forfeiture of that alleged error). The trial court then denied the motion to withdraw the plea.

¶29 We conclude that Sills sufficiently raised the issue of plea withdrawal based on his claimed ***Bangert*** violation because he was not advised of the maximum possible penalty for second-degree sexual assault of a child, which included the possible maximum fine of $100,000, in addition to the forty-year term of confinement.

---

[7] Forfeiture of the right to appellate review occurs by the failure to object. *See **State v. Ndina***, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612 (discussing the difference between the legal concepts of forfeiture versus waiver). The word "waives" is used in ***State v. Goodrum***, 152 Wis. 2d 540, 549, 449 N.W.2d 41 (Ct. App. 1989). However, the more accurate term in this context is forfeiture. *See **Ndina***, 315 Wis. 2d 653, ¶¶29-30.

**B. The record does not show that Sills was ever informed
of or knew about a possible fine**

¶30    Sills argues that the trial court's failure to advise him of the maximum fine for the charge of second-degree sexual assault of a child under the age of sixteen, together with his own testimony that he did not understand the maximum fine, constitutes a ***Bangert*** violation which entitles him to withdraw his plea because he did not knowingly, voluntarily, and intelligently enter his plea.

¶31    Here, the trial court discussed the consequences of entering a plea to second-degree sexual assault of a child under sixteen with Sills on two different occasions—August 23, 2016, and February 3, 2017.  Both times the trial court failed to advise Sills that, in addition to a prison term, the offense carried a maximum $100,000 fine.  The State did not correct the trial court's error on either occasion.  The fine was also omitted from the plea questionnaire and waiver of rights form.

¶32    At the evidentiary hearing on Sills' plea withdrawal motion, Sills testified that he did not understand that the maximum fine he faced was $100,000. Sills' testimony is consistent with the fact that the fine was not listed on the plea questionnaire and waiver of rights form and original trial counsel's testimony that he did not recall whether he had told Sills about the fine.

¶33    We conclude that the record shows that Sills was never informed of and did not know about a possible fine.

**C. The issue on appeal is a *Bangert* violation—not whether Sills
had a fair and just reason to withdraw his plea**

¶34    The State analyzes Sills' request to withdraw his plea under a fair and just reason standard applicable to a motion to withdraw a plea prior to

12

sentencing. In support of its argument, the State cites to ***State v. Jenkins***, 2007 WI 96, ¶43, 303 Wis. 2d 157, 736 N.W.2d 24.[8]

¶35    Although the State correctly summarizes the standard for a motion to withdraw a plea prior to sentencing, that standard does not apply in this case. Sills seeks to withdraw his plea based upon a ***Bangert*** violation. He does not allege that he asserted a fair and just reason that would allow him to withdraw his plea prior to sentencing. ***Jenkins*** did not involve a ***Bangert*** violation. ***Bangert***, not ***Jenkins***, sets forth the standard of review and the procedures to be followed when there is an alleged violation of a court's statutory or other mandatory duties when taking a defendant's plea.

¶36    As noted above, pursuant to ***Bangert***, a defendant must make a prima facie showing that the trial court did not comply with WIS. STAT. § 971.08 or other mandatory procedures, and must allege that he or she did not know or

---

[8] The State further argues that, if we conclude that the trial court erroneously exercised its discretion in denying Sills' motion to withdraw the plea, we should remand this matter to the trial court for a "retrospective" hearing so that the State has a chance to present evidence that it would be prejudiced if Sills was allowed to withdraw his plea.

The State also argues that, although Sills previously filed a *pro se* motion for an order allowing him to withdraw his plea because his attorney coerced him, he abandoned that claim and we do not have to address it. The State further argues that the motion filed by successor trial counsel sought an order allowing Sills to withdraw his plea because Sills did not understand the term "sexual contact" in the context of the crime of second-degree sexual assault of a child, but that, because on appeal Sills does not argue that as a basis for withdrawing his plea, he has also abandoned that claim.

Sills' appeal is limited to the trial court's ruling regarding his request to withdraw his plea based on the trial court's failure to advise him that in pleading guilty to second-degree sexual assault of a child, the trial court could impose a maximum $100,000, in addition to ordering his confinement for a maximum term of forty years. Therefore, Sills is deemed to have abandoned the other grounds raised in his motions to withdraw his plea. *See **A.O. Smith Corp. v. Allstate Ins. Cos.***, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998).

understand the information that should have been provided at the plea hearing. ***Bangert***, 131 Wis. 2d at 274. There is no requirement that a defendant allege that the error in the plea colloquy effected his or her decision to plea. If the defendant makes the required showing

> and alleges that he in fact did not know or understand the information which should have been provided at the plea hearing, the burden will then shift to the [S]tate to show by clear and convincing evidence that the defendant's plea was knowingly, voluntarily, and intelligently entered, despite the inadequacy of the record at the time of the plea's acceptance.

***Id.*** "The rule in ***Bangert*** and ***Brown*** is that if the State cannot meet its burden of proof, the defendant is entitled to withdraw his plea." ***Finley***, 370 Wis. 2d 402, ¶94. As explained in ***Brown***, "[w]hen a guilty plea is not knowing, intelligent, and voluntary, a defendant is entitled to withdraw the plea as a matter of right because such a plea 'violates fundamental due process.'" ***Id.***, 293 Wis. 2d 594, ¶19 (citation omitted). Further, in ***Brown***, the court stated "[u]nder our rules, a defendant can wait until he knows his sentence before he moves to withdraw his plea, and he may not be disadvantaged by this delay as long as he is able to point to a deficiency in the plea colloquy." ***Id.*** ¶38.[9]

¶37    Thus the question, here, is whether Sills must be permitted to withdraw his plea under the ***Bangert*** standard. The sole focus is whether his plea was knowingly, intelligently, and voluntarily entered. If his plea was not so entered, Sills is absolutely entitled to withdraw his plea:

---

[9] In ***State v. Brown***, our supreme court explained that "[t]hus, only the court, with the assistance of the district attorney, can prevent potential sandbagging by a defendant by engaging the defendant at the plea colloquy and making a complete record." *See* ***id.***, 2006 WI 100, ¶38, 293 Wis. 2d 594, 716 N.W.2d 906.

> A defendant must ordinarily show a manifest injustice in order to be entitled to withdraw a guilty or no contest plea.... When a defendant establishes a denial of a relevant constitutional right, withdrawal of the plea is a matter of right. *The trial court reviewing the motion to withdraw has no discretion in the matter in such an instance.*

*See Van Camp*, 213 Wis. 2d at 153 (citing *Bangert*, 131 Wis. 2d at 283; emphasis added).

¶38    The situation here is analogous to the situation in *Finley*, 370 Wis. 2d 402, ¶¶92-94, where the defendant's plea colloquy was deficient and the defendant made a prima facie showing of a *Bangert* violation. As in *Finley*, the trial court misinformed Sills of the potential punishment he faced if convicted— information that the trial court was required to give him. *See id.*, ¶95. The State had the opportunity to prove Sills' knowledge of the information set forth in WIS. STAT. § 971.08 and the case law. *See Finley*, 370 Wis. 2d 402, ¶¶92, 94. However, the State did not present any evidence and it does not argue on appeal that the record shows that Sills had knowledge of the fine. "A defendant's lack of understanding of the potential punishment when he or she enters a guilty or no contest plea is relevant for determining whether the plea was entered knowingly, intelligently, and voluntarily." *Id.*, ¶94. "The rule in *Bangert* and *Brown* is that if the State cannot meet its burden of proof, the defendant is entitled to withdraw his plea as a matter of right." *Finley*, 370 Wis. 2d 402, ¶94.

## CONCLUSION

¶39    Based on the record before this court, Sills established that the trial court's plea colloquy was deficient because it failed to advise Sills of the maximum fine for the charge and that he did not know about any fine, let alone the maximum $100,000 fine. Therefore, the withdrawal of Sills' plea was a matter of

right and the trial court had no discretion to refuse to grant Sills' motion to withdraw his plea.[10]  The trial court erred as a matter of law when it denied Sills' motion to withdraw his plea.  We reverse the judgment and remand to the trial court with directions to permit Sills to withdraw his plea.

*By the Court.*—Judgment reversed and cause remanded with directions.

Not recommended for publication in the official reports.

---

[10] As noted, the State alternatively requests that we remand this matter to the trial court for a retrospective hearing so that it has a chance to present evidence that it would be prejudiced if Sills was allowed to withdraw his plea.  Whether the State is prejudiced when a defendant is allowed to withdraw his or her plea is relevant under the "fair and just" standard—it is not relevant under the *Bangert* plea withdrawal standard.  When a defendant establishes a *Bangert* violation, the trial court reviewing the motion to withdraw has no discretion in the matter and withdrawal of the plea is a matter of right.  Thus, we deny the State's request.